Bv the Court.—Sedgwick, Ch. J.
The action was for damages from the bite of a vicious dog alleged to have been owned and kept by the defendants. It will be assumed, although it is very doubtful, that the defendants owned or kept the dog, and that the animal was savage and prone to bite human beings, to the knowledge of the defendants. This was not necessarily unlawful so that under all circumstances an injury bv the dog would give an action to the person injured. In Logue v. Link, 4 E. D. Smith, 63, the law is declared, as it is in other cases said or implied, that “ a man has a right to keep a dog or any other animal, provided he is kept under restraint, so that persons pursuing their *128 ordinary or lawful avocations are not exposed to danger.”
In the present case, the dog was so chained that the plaintiff was free from danger. The danger arose only when at the suggestion of a third person, he voluntarily with knowledge of the dog’s propensities, went within reach of the dog, for the purpose of making the dog familiar with him by feeding him. The defendants if they were the owners, had performed their duty in restraining the dog so that others were not in danger from him.
The fact that this suggestion was made by a fellow servant and for the purpose of making the dog peaceable to the plaintiff at other times, when the dog would not be chained, did not enlarge the responsibilities of the. defendants. There was no proof, that the suggestion was made within the scope of the employment of the person who made the suggestion, or that it was prompted or authorized by the defendants.
If this were otherwise however, the maxim volenti non fit injuria, is applicable, as shown in Muller v. McKesson, 73 N. Y. 195, and which, is also relevant to the foundation of liabilities in such cases. It is there held that if a person with full knowledge of the evil propensities of an animal voluntarily and unnecessarily puts himself in the way of such an animal he would “be adjudged to have brought the injury upon himself and ought not to be entitled to recover.”
In the present case, the first movement of the plaintiff towards the dog caused the latter to snap at him.
I am of opinion, that the motion to dismiss the complaint should have been granted.
Judgment and order denying motion for new trial reversed, and a new trial ordered, with costs of the appeal to abide the event.
Freedman and Truax, JJ., concur.